BRAYMAN & TRAFFORD, Trustees, *vs.* JOHN LESLIE.

Sale and delivery of a stock of goods "to be paid for as sold," and the purchaser to "have at least eighteen months to sell the stock."

*Held,* that, within the eighteen months, the purchaser could be compelled to pay only for goods sold by him, but that at the expiration of the eighteen months he must pay for the stock of goods, whether sold or not sold.

EXCEPTIONS to the Court of Common Pleas.

*June* 1, 1889. PER CURIAM. This is an action of *assumpsit* to recover the balance due upon a contract of sale in writing, as follows, viz.:

"PROVIDENCE, March 19, 1884.

" MR. JOHN LESLIE,

" Bought of BRAYMAN & TRAFFORD,

" Stock of Boots, Shoes, and Rubbers, in store formerly
    occupied by Mrs. A. Jeffrey in Westerly, R. I.,
    March 19 . . . . . . . . . . . . . . . . . . $1,373 85
" Cr.  By Cash . . . . . . . . . . . . . . . .   210 95
 

                           $1,162 90

" To be paid for as sold, and said John Leslie shall have at least eighteen months to sell the stock.

" BRAYMAN & TRAFFORD."

The plaintiffs proved a delivery of the goods to the defendant, and his acceptance of them under the above contract, and admitted the receipt of payments by which the claim had been reduced to $711.40, for which sum, with interest, they sued. They offered no evidence that any part of the goods had been sold by the defendant.

The defendant testified that he had paid for more goods than he had sold; that at the date of the writ, September 22, 1887, he had a large part of the goods on hand, which were subsequently, to wit, February 7, 1888, destroyed by a conflagration at Westerly, R. I., and that he had been unable to sell the goods before their destruction; that, for two years next before this fire, he had not sold nor attempted to sell any of the goods, but had them packed away in the rear part of his store; that he was sued, which was admitted by the plaintiffs, for the price of the goods before the expiration of the eighteen months named in the contract, to wit, on January 21, 1886, and again on September 10, 1887, these suits being discontinued; that he had made no attempt to sell the goods after being sued; that he had been deceived by the plaintiffs in the value and quality of the goods.

The plaintiffs offered no testimony in contradiction of the de-

fendant's testimony, and there was no testimony in the case to the contrary.

The court instructed the jury that they should find for the plaintiffs for the full contract price of the goods delivered, unless they should find that the defendant had been deceived by the plaintiffs, and unless the plaintiffs had omitted to give to the defendant all the credits to which he was entitled. To this instruction the defendant duly excepted.

The defendant thereupon requested the court to charge the jury that, under said contract, the plaintiffs were entitled to recover only for the value of such goods as had been sold by the defendant, which request was refused and exception taken.

The defendant thereupon further requested the court to charge the jury, that if they found that said Leslie had been unable to sell said goods, or if they found that the defendant had been guilty of no negligence or misconduct in keeping said goods without selling them, that the plaintiffs could not recover for such goods as remained unsold, which request was also refused and exception taken.

The court further instructed the jury that the question of reasonableness of time in selling said goods did not arise, from the fact that the goods were burned. To this instruction the defendant also duly excepted.

The jury returned a verdict for the plaintiffs for $766.85, upon which judgment was entered.

The exceptions involve the interpretation to be given to the clause appended to the contract of sale, to wit, " To be paid for as sold, and said John Leslie shall have at least eighteen months to sell the stock." The defendant contends that the plaintiffs are not entitled to recover, because at the bringing of the suit he had paid for more of the goods than he had sold, that the eighteen months specified was the minimum limit of time to which he was entitled to sell the goods, and that he was to have as much more time as might be reasonably necessary, and that, being unable to sell the goods prior to the bringing of the suit, and guilty of no negligence or misconduct in keeping them, he was not liable. We think, however, that the meaning of the clause in question is, that the defendant should not be required to pay for so much of the

stock as he had not previously disposed of until the expiration of at least eighteen months from the delivery of the goods to him under the contract, but that he was then to pay, whether the goods had been sold or not. If this construction be correct, it follows that the instructions of the court were correct, though the reason assigned for the second may have been erroneous, the goods having been burned subsequently to the bringing of the suit, and that the requests for instructions were properly denied.

Exceptions. overruled and judgment of the Court of Common Pleas affirmed, with costs of this court.

*Stephen A. Cooke, Jun., & Louis L. Angell,* for plaintiffs.

*Augustus S. Miller & Arthur L. Brown,* for defendant.

